**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CATHERINE ROSALES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-805-XR |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

On this day the Court considered Defendant's Motion to Dismiss for Failure to State a Claim.  Docket no. 3.  For the following reasons, the Court GRANTS the motion.

**I.      BACKGROUND**

Plaintiff Catherine Rosales filed a state court petition (the "Petition") with an application for a temporary restraining order (TRO) against Defendant Wells Fargo Bank, N.A., in the 224th Judicial District of Bexar County, Texas, on August 29, 2014. Docket no. 1, ex. 1.  By her lawsuit, Rosales sought to stop a foreclosure sale of her property scheduled for September 2, 2014.

Rosales owns the property at 11738 Spring Ridge Drive, San Antonio, Texas 78249 (the "Property").  Rosales received a loan for $75,200 from World Savings Bank, FSB, secured by a deed of trust (the "Deed of Trust") (collectively, the "Loan") on December 5, 2007.  The Loan was subsequently transferred to Defendant Wells Fargo.

Rosales does not specifically admit that she defaulted on the Loan, but fails to allege she is current on her payments and obligations.  The Petition does state that she submitted a loan modification application, that Wells Fargo told her on several occasions she was not eligible for

a loan modification because she had a Texas home equity loan, and, more generally, that the Property is in foreclosure.  Rosales alleges the Deed of Trust's terms entitle her to a loan modification, or at least the possibility of one, but Wells Fargo wrongly refused the loan modification based on an "inflexible policy," and initiated foreclosure proceedings.

The state court granted Rosales a TRO on August 29, 2014.  Wells Fargo removed the case to federal court on September 12, 2014 based on diversity jurisdiction.[1]  Wells Fargo then filed a Rule 12(b)(6) motion to dismiss the action for failure to state a claim on September 19, 2014.  Rosales has not responded to the motion.  The Court, nevertheless, evaluates the merits of Wells Fargo's motion.  *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012).

## II.      LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought."  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Fernandez–Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must

---

[1] *See* docket no. 1 (stating Rosales is a citizen of Texas and clarifying that Wells Fargo's place of incorporation and association is South Dakota); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located). The amount in controversy in this case also exceeds $75,000, as the most recent tax appraisal states the value of the Property at $86,670.  Docket no. 1, ex. 4.  *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (holding that for cases in which the plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy).  Diversity jurisdiction is proper here.

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

A court may consider documents incorporated into the complaint by reference when considering a Rule 12(b)(6) motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Wells Fargo attached the Deed of Trust to the motion to dismiss. It is referenced in the petition and provides Wells Fargo's authority to foreclose. The Deed of Trust is central to Plaintiff's claims and is a matter of public record. The Court, therefore, will consider the Deed of Trust in ruling on the motion.

### III.    ANALYSIS

Rosales alleges in the Petition that Wells Fargo 1) breached the Deed of Trust by refusing to grant her a loan modification, and, construed liberally, 2) Wells Fargo lacks authority to

foreclose the Property because the lien was invalidated by Texas Constitution Article XVI § 50(a)(6) when Wells Fargo breached the Deed of Trust.

Rosales alleges Wells Fargo breached the Deed of Trust when it rejected her loan modification application. Rosales points to Section 23 of the Deed of Trust, which reads, "[The Deed of Trust] may be modified or amended only by an agreement in writing signed by Borrower and Lender." Docket no. 3, ex. 1. Rosales argues that this provision means it was possible that she could receive a loan modification. She appears to argue that, because Wells Fargo told her "definitively and repeatedly" that loan modifications were not available to her because she had a Texas home equity loan, Wells Fargo breached the Deed of Trust because she had no possibility of a loan modification.

Section 23 of the Deed of Trust does not create an obligation for Wells Fargo to give Rosales a loan modification. It simply states that the Loan may be modified in writing. The language of Section 23, or any other provision in the Deed of Trust, cannot be read to require Wells Fargo to consider Rosales for a loan modification. Plaintiff's breach-of-contract claims are dismissed because, under the terms of the Deed of Trust, Wells Fargo had no obligation to consider Rosales for a loan modification.

Rosales next alleges Wells Fargo lacks authority to foreclose the Property because Wells Fargo forfeited the Loan when it breached the Deed of Trust. The Fifth Circuit recently held that lienholders with valid liens have authority to enforce the terms of deeds of trust and foreclose properties under Texas law. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Rosales invokes Texas Constitution Article XVI § 50, which creates extra protections for a Texas resident's "homestead." *See generally* TEX. CONST. art. XVI, § 50. Rosales argues that Wells Fargo's alleged breach of the Deed of Trust, "relates to the

enforcement of Defendant's equity lien." *See id.* at § 50(a)(6).  Rosales appears to argue that, because Wells Fargo has violated the Deed of Trust, the lien was invalidated by § 50(a)(6).  *See* TEX. CONST. art. XVI, § 50(a)(6)(Q)(x).[2]  If the lien was invalidated, Wells Fargo would lack the authority to foreclose the Property.

A lender forfeits a valid lien when it does not comply with the requirements of § 50(a)(6), and does not fix that non-compliance after receiving notice from the borrower.  *In re Chambers*, 419 B.R. 652, 681 (Bankr. E.D. Tex. 2009) aff'd, 544 F. App'x 347 (5th Cir. 2013) (citing TEX. CONST. art. XVI, § 50(a)(6)(Q)(x)(e)).  However, forfeiture of the valid lien may only occur when a lender violates "constitutionally mandated provisions of the loan documents."  *Vincent v. Bank of Am., N.A.*, 109 S.W.3d 856, 862 (Tex. App.—Dallas 2003, pet. denied).  Violation of any other provision of a deed of trust only results in a regular breach-of-contract claim; not constitutionally mandated forfeiture of the lien.  *Id.*; *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 595 (Tex. App.—Dallas 2012, no pet.); *Galvan v. Centex Home Equity Co., L.L.C.*, 2008 WL 441773 at *5 (Tex. App.—San Antonio, Feb. 20, 2008, no pet.).

Thus Rosales's reliance on § 50(a)(6) is misplaced.  Without more specific allegations about the breach of a constitutionally mandated provision beyond her conclusory statements in the Petition, Rosales has not properly alleged Wells Fargo breached a constitutionally mandated provision of the Deed of Trust.  *See Twombly*, 550 U.S. at 555 (2007).  Rosales does not point to a section of the Texas Constitution that requires loan modification.  As a result, Wells Fargo has not forfeited the lien and maintains a valid lien.  The Court therefore finds that Wells Fargo had

---

[2] "[T]he lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the extension of credit within a reasonable time after the lender or holder is notified by the borrower of the lender's failure to comply."

authority to foreclose the Property and dismisses Plaintiff's claim that the bank lacks authority to foreclose.

## IV.    CONCLUSION

For all of the reasons stated above, Defendant's motion to dismiss (docket no. 3) is GRANTED.  Plaintiff's petition is DISMISSED WITH PREJUDICE.  The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case.  Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 10th day of November, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE